**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**MARION MANUFACTURING COMPANY, Respondent.**

No. 11353.

United States Court of Appeals Fourth Circuit.

Argued Nov. 8, 1967.

Decided Jan. 3, 1968.

Edith Nash, Atty., N.L.R.B. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Michael N. Sohn, Atty., N.L.R.B., on the brief), for petitioner.

Ernest W. Machen, Jr., Charlotte, N. C. (Blakeney, Alexander & Machen, Charlotte, N. C., on the brief), for respondent.

Before HAYNSWORTH, Chief Judge, and SOBELOFF and BRYAN, Circuit Judges.

PER CURIAM:

The National Labor Relations Board here seeks enforcement of its order, 161 NLRB No. 21, issued on October 18, 1966. Respondent, a manufacturer of textile products, contests the order, and prays that the Board's petition be denied.

The Board found the company guilty of violating sections 8(a)(1) and 8(a)(3) of the National Labor Relations Act, 29 U.S.C. § 151 et seq., in its opposition to the efforts of the United Textile Workers of America, AFL-CIO, to become the representative of its employees. The company concedes that the Board's findings of 8(a)(1) violations were, in some instances, supported by substantial evidence, but argues that the 8(a)(3) infractions are without foundation in the record.

The Board concluded that the company had discharged two employees, Russell and Rumfelt, for participating in protected union activities. We cannot say that this conclusion, which establishes 8(a)(3) infractions, is not supported by substantial evidence in the record. Russell was discharged within a week after the company learned of his union activities, in circumstances which provided substantial evidence of improper motive. Rumfelt was discharged for violating the company's no-solicitation rule. The Trial Examiner found that Rumfelt did not in fact violate the rule, and we cannot conclude that his finding was not supported by substantial evidence. Accordingly, under the doctrine of NLRB v. Burnup & Sims, 379 U.S. 21, 85 S.Ct. 171, 13 L.Ed.2d 1 (1964), the company's action amounted to an 8(a)(3) infraction. In the circumstances we have no reason to appraise the validity of the rule, and we do not.

Therefore the Board's petition is granted.

Order enforced.